UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

**MB REO-FL CHURCH-2, LLC,** a Delaware limited liability company,

Plaintiff,

vs.

**TAMPA FOR CHRIST CHURCH, INC.**, a Florida corporation; and **FRANK M. BAFFORD,** an individual,

Defendants.
_______________________________________/

**VERIFIED COMPLAINT**

Plaintiff, MB REO-FL CHURCH-2, LLC, a Delaware limited liability company, files this action against Defendants, TAMPA FOR CHRIST CHURCH, INC., a Florida corporation, and FRANK M. BAFFORD, an individual, and alleges as follows:

**JURISDICTIONAL ALLEGATIONS**

1. This is an action to quiet title and for slander of title on property located in Hillsborough County, Florida, as well as for declaratory relief under the Federal Declaratory Judgment Act. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

2. This Court has both diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331, 12 U.S.C. § 1819 and 28 U.S.C. § 2201-2202.

3. Venue is proper in this Court as the real property at issue is located in Hillsborough County, Florida.

4. Plaintiff, MB REO-FL CHURCH-2, LLC, a Delaware limited liability company ("Plaintiff" or "MB REO") is a Delaware limited liability company with a place of business at 2450 Broadway, 6th Floor, Santa Monica, CA 90404.

5. The sole member of Plaintiff is Multibank 2009-1 CRE Venture, LLC, a Delaware limited liability company with its principal place of business in Los Angeles, California.

6. The only members of Multibank 2009-1 CRE Venture, LLC,

   a. The Federal Deposit Insurance Corporation, a federally charted corporation with its principal place of business in Washington, D.C.; and

   b. ColFin DB Funding, LLC, a Delaware limited liability complaint with its principal place of business in Los Angeles, California.

7. Defendant TAMPA FOR CHRIST CHURCH, INC. ("Tampa for Christ Church") is a Florida corporation with its principal place of business in Hillsborough County, Florida.

8. Defendant, FRANK M. BAFFORD ("Bafford"), is an individual who resides in Tampa, Florida.

9. Plaintiff is the owner in fee simple of the following described real property (the "Property") in Hillsborough County, Florida:

Parcel 1:
The East one half (1/2) of Block 8, of the REVISED MAP OF TEMPLE HIGHLANDS, according to the map or plat thereof as recorded in Plat Book 25, Page 97, Public Records of Hillsborough County, Florida.

Parcel 2:

Block 5, LESS the North 106 feet of the East 162.90 fee thereof, and South ½ of vacated street abutting thereof, REVISED MAP OF TEMPLE HIGHLANDS, according to the map or plat thereof as recorded in Plat Book 25, Page 97, Public Records of Hillsborough County, Florida.

Property Address: 9612 N. 26th Street and 9706 N. 26th Street, Tampa, FL 33612.

10. On or about October 12, 2015, Plaintiff listed the Property for sale with a list price of $799,000. A true and correct copy of the listing of the Property is attached hereto as ***Exhibit 1***. This action asserts claims against Defendants to quiet title, for slander of title and for declaratory judgment arising from Defendants' intentional, malicious, and wrongful recording of two notices in the Official Public Records of Hillsborough County, Florida which falsely state, inter alia, that the recording is in connection with "an action for SPECIFIC PERFORMANCE of a contract illegally denied by discrimination" and which "informs all interested parties that there's a pending housing discrimination complaint concerning the properties [identified herein]." No action, for specific performance or otherwise, has been filed by the Defendants against Plaintiff. Furthermore, the Property is not a residential property but is rather a church property. Plaintiff has not discriminated against Defendants but rather attempted to enter into a contract for the sale of the Property to Tampa For Christ Church, and the Defendants have no legal right or claim to the Property. The notices damage and slander the Plaintiff and the Property as they effectively provide notice to, and thereby inhibit the sale of the Property by Plaintiff to potential purchasers and wrongly damage the Plaintiff's reputation by accusing it of discrimination without a legal basis.

## FACTUAL BACKGROUND
### Defendants' Offers to Purchase the Property

11. On or about October 14, 2015, the Defendant, Bafford on behalf of the Tampa For Christ Church submitted an offer to purchase the Property for $675,000 ("First Offer"). The First Offer included the following terms:

a. Price: $675,000;
b. Deposit: $15,000;
c. Closing Date: 12/16/15;

d. Third Party Financing Contingency: 45 days to obtain loan approval;
e. Due Diligence period: 30 days;
f. Commission: 3.5% commission to Buyer's broker (2.5% per Listing Agreement); and
g. Additional Terms: Request for possible extension of contract for permitting purposes because the Buyer intended to split the use of the two buildings that comprise the property.

12. In response to the First Offer, Plaintiff's representative communicated that the First Offer would likely not be addressed given the lack of the exposure to the market.

13. On or about October 19, 2015, Bafford on behalf of Tampa For Christ Church submitted a second offer to purchase the Property for $799,000 (the "Second Offer"). The Second Offer included the following material terms:

a. Price:$799,000;
b. Deposit: $15,000 at signing, and $25,000 after due diligence period expires;
c. Closing Date: 12/3/2015;
d. Third Party Financing Contingency: 2 weeks to obtain appraisal;
e. Due Diligence Period: 20 days;
f. Commission: 3.5% commission to Buyer's broker;
g. Additional Terms: Buyer intends to split uses between two buildings. 9612 to be used as daycare/school and 9706 to be used as church. Asks that the Seller extend contract for permitting purposes if required by lender upon which the deposit would become non-refundable.

14. On or about October 20, 2015, Bafford on behalf of the Tampa For Christ Church submitted a third offer to purchase the Property also for $799,000 (the "Third Offer").

15. The Third Offer included the following material terms:

a. Price:$799,00 with $784,000 to be financed;
b. Deposit: $15,000 at signing, and $25,000 after due diligence period expires;
c. Closing Date: 12/3/2015;
d. Third Party Financing Contingency: 2 weeks to obtain appraisal;
d. Due Diligence Period: 20 days;
f. Additional Terms: No extension for re-zoning.

With regard to the financing contingency, Defendants also submitted a pre-approval from an

entity named Complex Capital Mortgage & Finance, Inc. located at 801 Twelve Oaks Center Drive, Suite #834, Wayzata, Minnesota (Defendants' "Proposed Lender").

16. Plaintiff responded on or about November 2, 2015 that it could not agree to an offer with a 98% loan contingency and requesting that to further consider the offer that the Tampa For Christ Church provide the following: 1) a current balance sheet; 2) a list of properties currently owned; and 3) a list of properties bought and sold within the past three years.

17. Defendants did not provide the information requested by Plaintiff though on or about November 5, 2015 Defendants directed Plaintiff to contact Defendants' Proposed Lender to inquire regarding Tampa For Christ Church's qualifications to purchase the Property.

18. On or about November 13, 2015, Bafford submitted a fourth offer to purchase the Property on behalf of Tampa For Christ Church for $803,000 (the "Fourth Offer"). The Fourth Offer included the following material terms:

a. Price:$803,00 with $762,800 to be financed;
b. Deposit: $40,200;
c. Closing Date: 12/3/2015;
d. Third Party Financing Contingency: 2 weeks to obtain appraisal;
d. Due Diligence Period: 20 days;
e. Commission: Buyer's broker commission reduced to 3%; and
f. Additional Terms: No extension for re-zoning.

A true and correct copy of the Fourth Offer is attached hereto as ***Exhibit 2***.

19. In a series of confusing and accusatory communications on November 13, 2015, Defendants accused Plaintiff of discrimination against it, rather than simply providing the requested information. Defendants also accused Plaintiff of discrimination because Plaintiff was aware of Bafford's many prior (and unsuccessful) discrimination lawsuits.

20. Because Plaintiff took the Defendants' accusations of discrimination very

seriously, it instructed its attorneys to respond to Defendants by letter dated November 16, 2015, which vigorously denied the claims of discrimination; advised Defendants that Plaintiff would not be intimidated by the Defendants' threats, and explained that Plaintiff's interest is to sell the Property in accordance with its usual procedures, including that it is only on rare and specific occasions, that it would accept an offer that is contingent on financing, let alone 98% financing. Plaintiff did not refuse to communicate with Defendants or to sell the Property to Defendants, requesting instead that further communications be through Plaintiff's attorneys. A true and correct copy of the November 16, 2015 letter sent on behalf of Plaintiff is attached hereto as ***Exhibit 3***.

**Negotiations Regarding Proposed Purchase and Sale Agreement**

21. Contrary to Defendants' claims of discrimination, by letter dated November 20, 2015, Plaintiff responded to Defendants advising that it would consider the sale of the Property to the Tampa For Christ Church on substantially all of the material terms in Defendants' Fourth Offer. A true and correct copy of the November 20, 2015 letter is attached hereto as ***Exhibit 4***. The most notable deviation from Defendants' terms was that a financing contingency was not included, however, it did include a due diligence period that was longer than the financing contingency period requested by Defendants and during which due diligence period Defendants could have obtained financing, or cancelled the Contract and received a full refund of its deposit; these terms were arguably better for Defendants than the terms they proposed. The November 20, 2015 letter was not an offer by Plaintiff, but rather a request to the Defendants to confirm that the terms stated therein were acceptable and, if so, for the Defendants to request that a contract be prepared in accordance with those terms.

22. Defendants first responded to the November 20, 2015 letter a full ten days

thereafter on November 30, 2015, not accepting the terms that were substantially similar to the Defendants' Fourth Offer but stating that they had been working with a lawyer to respond regarding a proposed contract; requesting copies of contracts with other buyers; again claiming that they were discriminated against; asking for confirmation of the contact information of the Plaintiff for purposes of filing of an alleged complaint; and requesting a "mediation." True and correct copies of Defendants' November 30, 2015 communications are attached hereto as ***Composite Exhibit 5***.

23. By email dated December 2, 2015, Plaintiff responded to Defendants' November 30, 2015 emails despite the continuing claims, misstatements and accusations, requested that Defendants unequivocally respond on or by December 4, 2015 as to whether they wished to proceed with the contract preparation on the terms of Plaintiff's letter of November 20. A true and correct copy of the December 2, 2015 email is attached hereto as ***Exhibit 6***.

24. By email dated December 3, 2015, Bafford responded on behalf of Tampa For Christ Church that it wished to proceed with contract preparation. A true and correct copy of Bafford's December 3, 2015 email is attached hereto as ***Exhibit 7***.

25. Thus, on December 4, 2015, Plaintiff forwarded to Bafford a proposed Purchase and Sale Agreement ("PSA") for the purchase and sale of the Property to the Tampa For Christ Church. Plaintiff requested that the Tampa For Christ Church execute it on or by December 8, 2015. A true and correct copy of the December 4, 2015 email with attached PSA is attached hereto as ***Exhibit 8***.

26. On December 7, 2015, Bafford responded by email and stated that the Tampa For Christ Church did not agree with the terms of the PSA; in response Plaintiff advised that if

the Tampa For Christ Church would like to propose changes it may do so. True and correct copies of the December 7, 2015 emails are attached hereto as ***Exhibit 9***.

27. Bafford, by continued emails dated December 7 and 8, 2015, continued to generally take issue with the draft PSA and make threats regarding pursuing discrimination claims. True and correct copies of Bafford's December 7-8, 2015 emails are attached hereto as ***Composite Exhibit 10***.

28. On December 9, 2015, Plaintiff again protested Bafford's unfounded accusations but continued its dialogue with the Defendants in an attempt to proceed with a sale of the Property to the Defendants and pointed out that Bafford's general comments do not specifically identify any objectionable contract provisions, nor had the Defendants requested any revisions to the PSA and that if the Tampa For Christ Church had any specific changes to provide those specific changes on or by December 11, 2015. A true and correct copy of the December 9, 2015 letter is attached hereto as ***Exhibit 11***.

29. Despite Plaintiff's continued good faith efforts, Defendants never responded with any specific requested changes and thus, by letter dated December 11, 2015, Plaintiff advised Defendants that it was stopping further discussions. A true and correct copy of the December 11, 2015 letter is attached hereto as ***Exhibit 12***.

**Defendants Record Documents Claiming An Interest In The Property**

30. On or about December 14, 2015, Bafford recorded a document in the Official Records of Hillsborough County, Florida in Book 23742, Page 1456 styled as a court document identifying himself individually as a "Complainant" and titled the document "PENDING HOUSING DISCRIMINATION COMPLAINT WITH OWNERSHIP INTERESTS" and purports to "inform all interested parties that there's a pending housing

discrimination complaint concerning the [Property] . . ." A true and correct copy of the December 14, 2015 document is attached hereto as ***Exhibit 13***.

31. On or about December 28, 2015, Bafford recorded an "amended" copy of the document recorded on December 14, 2015 in the Official Records of Hillsborough County, Florida at Book 23773, Page 428 which includes a "claim number" and a statement that Bafford's claim is one of "specific performance." A true and correct copy of the December 18, 2015 document is attached hereto as ***Exhibit 14***.

32. Plaintiff has retained the Akerman LLP law firm and agreed to pay Akerman LLP a reasonable fee for their services.

33. All conditions precedent to the filing of this action have occurred or have been waived.

**COUNT I**
**(Quiet Title)**

34. Plaintiff re-alleges and incorporates by reference paragraphs 1-33 above as if fully set forth herein.

35. The Plaintiff is the true record title owner to the Property, and the legal and equitable owner thereof in fee simple, and as such, is entitled to have its title to the Property quieted and confirmed by the Court under Section 65.061, Florida Statutes.

36. Defendants do not have any interest in the Property.

WHEREFORE, Plaintiff demands that judgment be entered adjudging that:

a. Fee simple title in the Property be adjudged in **MB REO-FL CHURCH-2, LLC**;

b. All right, title and interest of Defendants and those claiming by, through, under or against Defendants, be forever quieted and good and fee simple title to the Property be confirmed in **MB REO-FL CHURCH-2, LLC**;

c. Defendants, and those claiming by, through, under or against Defendants, be

perpetually enjoined from asserting any right, title or interest in or to the Property;

d. Plaintiff be awarded its fees and costs; and

e. The Court grant such further relief as this Court deems just.

## COUNT II
## (Slander of Title)

34. Plaintiff re-alleges and incorporates by reference paragraphs 1 – 33 above as if fully set forth herein.

35. This is an action for slander of title.

36. Defendants have made statements against MB REO's title in the Property that are false and not true in fact.

37. Defendants have published and caused to be recorded statements against MB REO's interest in the Property that are disparaging.

38. Defendants knew or should have known the statements against MB REO's title were untrue.

39. Defendants' publication of the false statements against MB REO's interest in the Property are not privileged.

40. Defendants knew or should have known that the statements that they made and published will likely result in inducing others not to deal with MB REO regarding the purchase and sale of the Property.

41. The recording of documents in the Official Records of Hillsborough County Florida purporting to provide notice to potential others regarding Defendants' "interest" in the Property is akin to the filing of Lis Pendens which is wrongful and gives rise to this slander of title action against the Defendants.

42. MB REO-FL CHURCH-2, LLC's has been damaged as a result of Defendants' actions, including but not limited to damages resulting from an inability to market and sell the property.

WHEREFORE, MB REO-FL CHURCH-2, LLC's demands judgment against Defendants for slander of title and awarding MB REO-FL CHURCH-2, LLC's damages, together with costs, attorneys' fees and such other relief as this Court may deem just and proper.

**COUNT III**
**(Declaratory Judgment)**

43. Plaintiff re-alleges and incorporates by reference paragraphs 1-33 above.

44. This is an action for a declaratory judgment under the Federal Declaratory Judgment Act 28 U.S.C. § 2201-2202.

45. There is not now, nor has there been any contract between the Plaintiff and the Defendants.

46. Plaintiff has not acted in a discriminatory manner with regard to Defendants' offers to purchase the Property.

47. Defendants have no interest in the Property.

48. Notwithstanding the foregoing, Defendants have recorded documents in the Official Records of Hillsborough County, Florida, attached hereto as ***Exhibits 13 and 14***, claiming an interest in the Property and indicating that there was a contract between the Plaintiff and either of the Defendants.

49. Thus, the parties have an actual, present and practical need for a declaration regarding their rights and obligations to one another and related to the Property.

50. The declaration sought deals with a present ascertained state of facts and controversy as to the state of facts.

51. Plaintiff requests that this Court adjudicate its rights and the rights of the Defendants with regard to one another and the Property and specifically find that no contract exists between the parties and that the Defendants have no claims against Plaintiff or the Property.

52. To the extent that Defendants have any claims against Plaintiff or interest in the Property, such claim(s) or interest(s) arise under 42 U.S.C. § 1981 and 1982.

53. The antagonistic and adverse interest of the parties are all before this Court.

54. There is future uncertainty to resolve with regard to any interest(s) Defendants purport to have with regard to the Property which necessitate an expeditions declaration by this Court to prevent or mitigate harm and prejudice to the Plaintiff.

55. The relief sought is not merely the giving of legal advice by the courts or the answers to questions propounded from curiosity.

WHEREFORE, the Plaintiff MB REO-FL CHURCH-2, LLC, demands declaratory judgment against Defendants TAMPA FOR CHRIST CHURCH, INC. and FRANK M. BAFFORD finding that no contract has ever existed between the Parties and that Defendants have no claims against Plaintiff or the Property, together with an award of costs and such other and further relief as the Court deems just and proper.

Dated: 2/4/2016

Respectfully submitted,

**Akerman LLP**

By: Irene Bassel Frick

Irene A. Bassel Frick
Florida Bar No.: 158739
Primary Email: irene.bassel@akerman.com
Secondary Email: nicole.emmett@akerman.com
John L. Dicks, II
Florida Bar No.: 89012
Primary Email: john.dicks@akerman.com

Secondary Email: sharon.wells@akerman.com
401 E. Jackson Street, Suite 1700
Tampa, Florida 33602
Phone: (813) 223-7333
Fax: (813) 223-2837
*Attorneys for Plaintiff*

**VERIFICATION**

I, Ed Dailey, declare as follows:

1. I am an authorized representative of MB REO-FL CHURCH-2, LLC, a Delaware limited liability company, and in such capacity, I have authority to make this verification on behalf of Plaintiff MB REO-FL CHURCH-2, LLC.

2. I have read the Verified Complaint and the facts and matters alleged and contained therein are true and correct either based on my personal knowledge or based on the books and records customarily kept and maintained by Plaintiff MB REO-FL CHURCH-2, LLC.

3. I have access to and control over the books and records kept and maintained by Plaintiff MB REO-FL CHURCH-2, LLC in regard to the documents described in this Verified Complaint.

4. I verify under penalty of perjury under the laws of the United States of America and specifically, Title 28 U.S.C. § 1746, that the factual statements contained in the Verified Complaint are true and correct.

**MB REO-FL CHURCH-2, LLC**

A Delaware limited liability company

By:________________________
Name: Ed Dailey
Its: Authorized Representative
Date:________________________