UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MB REO-FL CHURCH-2, LLC,

    Plaintiff,

v.                              Case No. 8:16-cv-276-T-33MAP

TAMPA FOR CHRIST CHURCH, INC.,
and FRANK M. BAFFORD,

    Defendants.
_____/

**ORDER**

This matter comes before the Court sua sponte. MB REO-FL Church-2, LLC instituted this action on February 4, 2016. (Doc. # 1). Defendants Tampa for Christ Church, Inc. and Frank M. Bafford were served on February 11, 2016. (Doc. ## 5, 6). Thereafter, on February 26, 2016, Bafford filed an omnibus motion entitled Motion to Dismiss, Motion to Stay, and Alternatively, Motion for Extension of Time to Respond. (Doc. # 9). Although, Bafford's Motion requests, as alternative relief, an extension of time to file a response to the Complaint because such an extension "will give him time to find an attorney to represent him and Tampa for Christ Church," (Id. at 3), the Motion cannot serve as Tampa for Christ Church's response to the Complaint.

1

A long line of cases hold that corporate entities may not appear *pro se* in this Court. See <u>Palazzo v. Gulf Oil Corp.</u>, 764 F.2d 1381, 1385 (11th Cir. 1985)(stating, "[t]he rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel"). Furthermore, the Court's own rule, Local Rule 2.03(e), explicitly prohibits a corporation from being heard in this Court without counsel.

Thus, technically, Tampa for Christ Church is subject to default for failing to timely respond to the Complaint. However, the Court will grant Tampa for Christ Church a 30-day period of time in which to obtain counsel and have such counsel file a notice of appearance on its behalf with this Court. Once counsel has filed a notice of appearance on behalf of Tampa for Christ Church, Tampa for Christ Church may then file its response to the Complaint. Should Tampa for Christ Church fail to have counsel file a notice of appearance on its behalf and respond to the Complaint by April 6, 2016, Plaintiff is free to promptly file an application of Clerk's default.

Accordingly, the Court directs Tampa for Christ Church to obtain counsel by April 6, 2016. If Tampa for Christ Church

fails to do so, Plaintiff may file an application for the entry of Clerk's Default.

Furthermore, the Court takes this opportunity to remind Bafford that if he wishes to proceed *pro se* (that is, to represent himself without the benefit of counsel) in this action, he must comply with all rules of Court, including the Middle District of Florida's Local Rules and the Federal Rules of Civil Procedure. Johnson v. Rosier, 578 Fed. Appx. 928, 930 (11th Cir. 2014) (stating, "[a] pro se litigant 'is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure'" (quoting Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989))). In addition, while the Court has granted Tampa for Christ Church an extension of time to obtain counsel and file a response to the Complaint, this case will proceed. Thus, the Court expects Bafford, or his counsel, to be present at the Case Management Hearing now scheduled for March 21, 2016, at 11:00AM.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Tampa for Christ Church, Inc. has until and including **April 6, 2016**, to retain counsel. If Tampa for Christ Church, Inc. fails to (1) have a notice of appearance of counsel filed on its behalf and (2) file a response to the Complaint by

April 6, 2016, Plaintiff may promptly apply for a Clerk's Default.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 8th day of March, 2016.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE