UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MB REO-FL CHURCH-2, LLC,

    Plaintiff,

v.                                    Case No. 8:16-cv-276-T-33MAP

TAMPA FOR CHRIST CHURCH, INC.,
et al.,

    Defendants.
_____/

**ORDER**

    This matter comes before the Court in consideration of Defendant Frank M. Bafford's Motion to Grant Summary Judgment Pursuant to FRCP 56 (Doc. # 31), which was filed on April 4, 2016, while Bafford was proceeding pro se. Plaintiff MB Reo-FL Church-2, LLC did not file a response in opposition. Furthermore, although Bafford retained counsel after filing his Motion (Doc. # 38), no further filings with respect to the Motion have been submitted on his behalf.

**Discussion**

    Summary judgment is appropriate when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be .

1

. . genuinely disputed must support the assertion . . . ." Fed. R. Civ. P. 56(c). As noted by the court in <u>United States v. 5800 SW 74th Avenue, Miami, Florida</u>,

> the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion. The district court need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials.

363 F.3d 1099, 1101 (11th Cir. 2004) (internal citations omitted). Thus, the Court retains an independent obligation to ensure the grant of summary judgment is appropriate, notwithstanding MB Reo-FL Church-2's failure to file a response.

Here, the Motion contains not a single citation to any portion of the record, which itself presents sufficient grounds for denial. As noted on the undersigned's website, "[f]ailure to submit a statement of material facts constitutes grounds for denial of the motion." <u>Statement of Material Facts, Motions for Summary Judgment, Civil Motions, Virginia M. Hernandez Covington, Tampa Division, Judicial Info</u>, U.S. District Ct. Middle District of Fla., http://www.flmd.uscourts.gov/judicialInfo/Tampa/JgCovington.htm (last visited May 19, 2016, at 8:15AM) (emphasis

2

omitted). Furthermore, the Motion fails to comply with Local Rule 3.01(a), which requires the movant to include a memorandum of legal authority in support of the request. The Court's Case Management and Scheduling Order also directs that "[a] motion for summary judgment shall specify the material facts as to which the moving party contends there is no genuine issue for trial, and shall include a memorandum of law . . . ." (Doc. # 23 at 6).

Stemming from the aforementioned deficiencies, Bafford's 3-sentence Motion fails to persuade the Court that summary judgment is appropriate. The Motion contains no argument or factual support; rather, Bafford conclusorily argues summary judgment is appropriate. Without more, the Court is unpersuaded.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Frank M. Bafford's Motion to Grant Summary Judgment Pursuant to FRCP 56 (Doc. # 31), is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 19th day of May, 2016.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE