UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MB REO-FL CHURCH-2, LLC,

    Plaintiff,

v.    Case No. 8:16-cv-276-T-33AEP

TAMPA FOR CHRIST CHURCH, INC.,
et al.,

    Defendants.
_____/

## ORDER

This matter comes before the Court upon consideration of Defendants Tampa for Christ Church, Inc. and Frank M. Bafford's Motions; in particular, their "Second Motion to Alter or Amend Order (Doc. #65)," filed on June 30, 2016, (Doc. # 69), and their "Motion for Leave to File a General Notice or An Amended Notice of Lis Pendens in the Hillsborough County Circuit Court," filed on July 1, 2016, (Doc. # 71). Plaintiff MB Reo-FL Church-2, LLC filed a response in opposition to the Second Motion to Alter or Amend on July 18, 2016. (Doc. # 77). MB Reo has not filed a response to the Motion for Leave to File. For the reasons herein, the Court denies the Motions.

## Discussion

1

Following an unsuccessful attempt to purchase real estate from MB Reo, Bafford recorded a document in the official land records of Hillsborough County on December 14, 2015, by which he sought to "inform[] all interested parties that there's a pending housing discrimination complaint concerning the properties listed below seeking a determination concerning this rights to the properties." (Doc. # 1-14). Bafford subsequently amended his document on December 28, 2015. (Doc. ## 1-15, 52-1 at 4).

MB Reo thereafter instituted this action seeking to, among other things, quiet title and for declaratory judgment. (Doc. # 1). After mediation resulted in an impasse, MB Reo moved to dissolve Bafford's documents, which MB Reo argued were the functional equivalents of notices of lis pendens. (Doc. # 52). Bafford and Tampa for Christ Church responded in opposition. (Doc. # 58). By an Order dated June 24, 2016, the Court granted MB Reo's motion. (Doc. # 65).

Bafford and Tampa for Christ Church now move the Court to "construe the City of Tampa Office of Human Rights . . . to be a 'lower tribunal,' and 'court,' as defined in Rule 9.020 (d) of the Florida Rules of Appellate Procedure." (Doc. # 69 at 1). Although Bafford and Tampa for Christ Church do not cite the Federal Rule of Civil Procedure under which they

have moved the Court to alter or amend its June 24, 2016, Order, the Court construes the Motion as being filed under Rule 59 because the Motion was filed within 28 days of the Court's June 24, 2016, Order. See Beach Terrace Condo. Ass'n, Inc. v. Goldring Invs., No. 8:15-cv-1117-T-33TBM, 2015 WL 4548721, at *1 (M.D. Fla. July 28, 2015) (noting a motion filed within 28 days of the entry of a judgment is governed by Rule 59(e), whereas a motion filed after the 28-day window is governed by Rule 60).

"Pursuant to Rule 59(e), a court is vested with discretion to reconsider an order which it has entered." United States v. Barnes, No. 3:08-cv-966-J-34MCR, 2012 WL 3194419, at *2 (M.D. Fla. June 5, 2012) (citations omitted). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (citation and original alteration omitted). Furthermore, "[a] Rule 59(e) motion cannot be used to relitigate old matters, raise arguments or present evidence that could have been raised prior to the entry of judgment." Id. (citation and original alterations omitted).

The Second Motion to Alter or Amend is merely an attempt to relitigate matters previously considered by this Court.

Bafford and Tampa for Christ Church were afforded the opportunity to—and did—file a response to MB Reo's motion that sought to dissolve the documents filed by Bafford. In their response, however, Bafford and Tampa for Christ Church did not raise the argument now asserted. That alone is sufficient to deny the Second Motion to Alter or Amend. See Crown Auto Dealership v. Nissan N. Am., Inc., No. 8:12-CV-1367-T-17TGW, 2014 WL 412757, at *1 (M.D. Fla. Feb. 3, 2014) ("Court opinions are 'not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.'") (citation omitted).

Furthermore, the argument now asserted by Bafford and Tampa for Christ Church, namely that Florida Rule of Appellate Procedure 9.020 supports a conclusion that an administrative agency is defined as a court, is belied by the plain language of the Rule itself. The Court notes, as a preliminary matter, that Bafford and Tampa for Christ Church incorrectly cite Rules 9.020(a) and (d) as the operative Rules when, in fact, Rules 9.020(c) and (e) define "court" and "lower tribunal," respectively.

Rule 9.020(c) defines "court" as "[t]he supreme court; the district courts of appeal; and the circuit courts in the exercise of the jurisdiction described by rule 9.030(c) . . .

4

. . Fla. R. App. P. 9.020(c). Thus, anything other than the Supreme Court of Florida, the district courts of appeal, and the circuit courts in the exercise of jurisdiction described by Florida Rule of Appellate Procedure 9.030(c) is not a "court." As such, the Second Motion to Alter or Amend is denied.

In addition, the Motion for Leave to File, which is functionally a continuation of the Second Motion to Alter or Amend, does not contain a memorandum of law as required by Local Rule 3.01(a). Further problematic is the fact Bafford and Tampa for Christ Church have not provided a copy of the document they seek to file in the land records of Hillsborough County and, as a result, the Court cannot determine whether such a document falls under Section 28.222(3)(a), Florida Statutes. Therefore, the Motion for Leave to File is denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants Tampa for Christ Church, Inc. and Frank M. Bafford's "Second Motion to Alter or Amend Order (Doc. #65)," (Doc. # 69), is **DENIED.**

(2) Defendants Tampa for Christ Church, Inc. and Frank M. Bafford's "Motion for Leave to File a General Notice of

An Amended Notice of Lis Pendens in the Hillsborough County Circuit Court," (Doc. # 71), is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 22nd day of July, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE