UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MB REO-FL CHURCH-2, LLC,

    Plaintiff,

v.                                   Case No. 8:16-cv-276-T-33AEP

TAMPA FOR CHRIST CHURCH, INC.,
et al.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court on consideration of pro se Defendant Frank M. Bafford's Motion to Dismiss (Doc. # 80), filed on July 20, 2016. Plaintiff MB Reo-FL Church-2, LLC filed its response in opposition on August 11, 2016. (Doc. # 91).[1] For the reasons that follow, the Motion is denied.

**Discussion**

Following an unsuccessful attempt at purchasing property from MB Reo, Bafford filed two documents in the land records of Hillsborough County, seeking to "inform[] all interested parties that there's a pending housing discrimination

---

[1] Although MB Reo filed its response out of time, the Court nonetheless accepts the response given counsel's response to the Court's Order to show cause. (Doc. ## 89, 91 at 1). The Court, however, takes this opportunity to remind counsel that the Court expects diligent compliance with all deadlines.

1

complaint . . . seeking a determination of his rights" to the properties listed by MB Reo. (Doc. ## 1-14, 1-15). MB Reo thereafter instituted this action on February 4, 2016, seeking to quiet title, damages for slander of title, and declaratory judgment. (Doc. # 1).

Bafford responded by filing a motion to dismiss or, alternatively, to stay pending the outcome of an investigation by the Department of Housing and Urban Development. (Doc. # 9). After being briefed on the motion, the Court denied Bafford's motion in its entirety at the Case Management Hearing held on March 21, 2016. (Doc. # 20). Bafford subsequently filed a handful of other motions, an answer, and a motion for summary judgment. (Doc. ## 24, 26, 28, 30, 31, 35). Except for granting extensions of time for Bafford and Tampa for Christ Church to retain counsel, the Court denied each motion. (Doc. ## 25, 27, 29, 36, 49).

Currently before the Court is yet another motion filed by Bafford wherein he seeks dismissal of the action or a stay pending the outcome of the administrative proceedings vis-à-vis his housing discrimination complaint. Most of Bafford's arguments are repetitive and, as to those that are new, Bafford has not demonstrated they were unavailable at the time he originally moved the Court for the relief he again

2

seeks. Accordingly, Bafford's Motion is denied. <u>See Continental Motors, Inc. v. Jewell Aircraft, Inc.</u>, No. 12-0221-WS-C, 2013 WL 5530842, at *9 (M.D. Fla. Oct. 4, 2013) (declining to revisit arguments previously addressed and stating "insofar as [defendant] may renew its motion . . . in the future, such a motion will be summarily denied absent an affirmative showing that the grounds for relief specified therein were unavailable at the time of its original motion . . . .").

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Pro se Defendant Frank M. Bafford's Motion to Dismiss (Doc. # 80) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>12th</u> day of August, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE