```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION

MB REO-FL CHURCH-2, LLC,

        Plaintiff,

v.                                    Case No. 8:16-cv-276-T-33AEP


TAMPA FOR CHRIST CHURCH, INC.,
et al.,

        Defendants.
_____/
```

**ORDER**

This matter comes before the Court *sua sponte*. Plaintiff MB Reo-FL Church-2, LLC initiated this action against Defendants Tampa for Christ Church, Inc. and Frank M. Bafford on February 4, 2016. (Doc. # 1). Tampa for Christ Church and Bafford were served on February 11, 2016. (Doc. ## 5-6).

On February 26, 2016, Bafford filed an omnibus motion seeking several alternative forms of relief, including dismissal of the action, a stay of the action, and an extension of time to file an answer in order to permit him and Tampa for Christ Church time to retain counsel. (Doc. # 9). Then on March 8, 2016, the Court entered an order explaining in detail that a corporate entity, such as Tampa for Christ Church, cannot proceed *pro se* in this Court. (Doc.

1

# 17). The Court provided Tampa for Christ Church until April 6, 2016, to have counsel file a notice of appearance on its behalf and to serve its answer. (Id. at 3). The Court also noted that failure to comply would allow Plaintiff to apply for the entry of a Clerk's Default. (Id. at 4).

Bafford subsequently filed several motions for extension of time. (Doc. ## 28, 35, 38). The Court granted one such motion, but denied the others. (Doc. ## 29, 36, 39). On April 15, 2016, Roderick O. Ford, Esq. filed a notice of appearance on behalf of Tampa for Christ Church and Bafford. (Doc. # 38). Tampa for Christ Church served its answer on April 25, 2016. (Doc. # 48).

Thereafter, on June 28, 2016, counsel for Tampa for Christ Church and Bafford filed a motion to withdraw as counsel. (Doc. # 66). The Honorable Anthony E. Porcelli, United States Magistrate Judge, to whom the motion to withdraw was referred, entered an Order granting Ford permission to withdraw on July 11, 2016. (Doc. # 76). Judge Porcelli's July 11, 2016, Order also noted that, "[a]s a corporation, Tampa for Christ Church cannot represent itself and must be represented by legal counsel if it wishes to continue with these proceedings. . . . Accordingly, Tampa for Christ Church shall retain new counsel who shall file a notice of appearance

2

within twenty (20) days . . . ." (Id. at 2). The Order also warned: "[f]ailure to do so will result in entry of a default against Tampa for Christ Church." (Id.).

Bafford filed a motion for reconsideration of Judge Porcelli's July 11, 2016, Order on July 20, 2016. (Doc. # 79). Judge Porcelli denied Bafford's motion for reconsideration and stated, "[i]f Frank Bafford has decided to re-retain prior counsel Roderick O. Ford, or if Mr. Bafford has retained any other lawyer, that lawyer need only file a notice of appearance in this action." (Doc. # 83).

Tampa for Christ Church failed to comply with Judge Porcelli's July 11, 2016, Order. And because Tampa for Christ Church had failed to comply, the Court entered an Order on August 4, 2016, that stated:

> Tampa for Christ Church has failed to comply with the Court's July 11, 2016, Order. In spite of the fact that Tampa for Christ was previously warned it may not proceed *pro se* and that failure to have new counsel file a notice of appearance would result in the entry of default, the Court will provide Tampa for Christ Church one last opportunity to retain counsel.
>
> Thus, Tampa for Christ Church shall retain counsel and have said counsel file a notice of appearance with this Court by August 18, 2016. Furthermore, as this Court has already explained that Tampa for Christ Church may not proceed *pro se* before this Court—as well as the fact that the Court is providing Tampa for Christ Church an extra 14 days beyond the original deadline to have new counsel

3

> file a notice of appearance—motions for extension of time will be disfavored and only granted upon the showing of extraordinary circumstances. Failure [to] have new counsel file a notice of appearance by August 18, 2016, will result in an order *sua sponte* striking Tampa for Christ Church's pleadings. If Tampa for Christ Church's pleadings are stricken, Plaintiff may file an application for the entry of Clerk's Default.

(Doc. # 87 at 3).

Bafford then filed a motion for extension of time on August 16, 2016, seeking yet another extension of time to retain counsel for himself and Tampa for Christ Church. (Doc. # 93). As noted previously, though, the Court's August 4, 2016, Order explicitly warned that "motions for extension of time [would] be disfavored and only granted upon the showing of extraordinary circumstances." (Doc. # 87 at 3). Because Bafford's motion failed to demonstrate what extraordinary circumstance was preventing counsel from filing a notice of appearance, it was denied on August 16, 2016. (Doc. # 95).

The deadline for counsel to file a notice of appearance on behalf of Tampa for Christ Church has now passed. As of the date of this Order, counsel has not filed a notice of appearance on behalf of Tampa for Christ Church in spite of three Court Orders—two of which relate directly to this incident of attempting to compel compliance with Local Rule

4

2.03(e)—explaining that Tampa for Christ Church may not proceed *pro se*.

> As the Court has explained on multiple occasions:
>
> [a] long line of cases hold that corporate entities may not appear *pro se* in this Court. See Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985) (stating, "[t]he rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel"). Furthermore, the Court's own rule, Local Rule 2.03(e), explicitly prohibits a corporation from being heard in this Court without counsel.

(Doc. # 87 at 1-2 (quoting (Doc. # 17 at 2))). Because Tampa for Christ Church has been afforded more than ample opportunity to comply with Local Rule 2.03(e) and the Orders of this Court, and yet has failed to comply, the Court strikes Tampa for Christ Church's pleadings. With Tampa for Christ Church's pleadings being stricken, Plaintiff may file an application for the entry of Clerk's Default.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Tampa for Christ Church's pleadings are stricken.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 23rd day of August, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE