UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MB REO-FL CHURCH-2, LLC,

      Plaintiff,

v.                           Case No. 8:16-cv-276-T-33AEP


TAMPA FOR CHRIST CHURCH, INC.,
et al.,

      Defendants.
_____/

## ORDER

This matter comes before the Court on consideration of pro se Defendant Frank M. Bafford's Motions to Dismiss (Doc. ## 94, 100), filed on August 16, 2016, and August 26, 2016, respectively. Plaintiff MB Reo-FL Church-2, LLC filed its responses in opposition on September 8, 2016, and September 12, 2016, respectively. (Doc. ## 102, 104). For the reasons that follow, the Motions are denied.

## Discussion

Following an unsuccessful attempt at purchasing property from MB Reo, Bafford filed two documents in the land records of Hillsborough County, seeking to "inform[] all interested parties that there's a pending housing discrimination complaint . . . seeking a determination of his rights" to the

1

properties listed by MB Reo. (Doc. ## 1-14, 1-15). MB Reo thereafter instituted this action on February 4, 2016, seeking to quiet title, damages for slander of title, and declaratory judgment. (Doc. # 1).

Bafford responded by filing a motion to dismiss or, alternatively, to stay pending the outcome of an investigation by the Department of Housing and Urban Development. (Doc. # 9). After being briefed on the motion, the Court denied Bafford's motion in its entirety at the Case Management Hearing held on March 21, 2016. (Doc. # 20). Bafford subsequently filed a handful of other motions, an answer, and a motion for summary judgment. (Doc. ## 24, 26, 28, 30, 31, 35). Except for granting extensions of time for Bafford and Tampa for Christ Church to retain counsel, the Court denied each motion. (Doc. ## 25, 27, 29, 36, 49).

Thereafter, Bafford filed another motion to dismiss on July 20, 2016. (Doc. # 80). In that motion, Bafford sought to have the action dismissed or stayed pending the outcome of the administrative proceedings vis-à-vis his housing discrimination complaint. The Court denied the motion on August 12, 2016, noting that "[m]ost of Bafford's arguments are repetitive and, as to those that are new, Bafford has not demonstrated they were unavailable at the time he originally

2

moved the Court for the relief he again seeks." (Doc. # 92 at 2-3) (citation omitted).

Four days later, on August 16, 2016, Bafford filed another motion to dismiss, which was followed by still another motion to dismiss on August 26, 2016. (Doc. ## 94, 100). These motions, however, suffer from the same defect as Bafford's July 20, 2016, motion to dismiss. Namely, the arguments asserted are either repetitive or the requisite showing for why the argument was not advanced in Bafford's first-filed motion to dismiss was not made. See Continental Motors, Inc. v. Jewell Aircraft, Inc., No. 12-0221-WS-C, 2013 WL 5530842, at *9 (M.D. Fla. Oct. 4, 2013) (declining to revisit arguments previously addressed and stating "insofar as [defendant] may renew its motion . . . in the future, such a motion will be summarily denied absent an affirmative showing that the grounds for relief specified therein were unavailable at the time of its original motion . . .").

Furthermore, the Court notes that Bafford has already filed an Answer in this case (both when he was pro se and when he was represented by counsel). (Doc. ## 30, 48). Accordingly, to the extent Bafford's motions are premised on Rule 12, Fed. R. Civ. P., they are untimely. See Fed. R. Civ.

P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.").

Further, Bafford's argument that MB Reo perpetrated a fraud on the Court is also unpersuasive. Bafford argues counsel for MB Reo was aware of a pending housing discrimination complaint at the time the Court held its Case Management Hearing, but argued to the Court she did not know of such complaint. Bafford, however, failed to supply the Court with any supporting documentation or transcript that would substantiate his claims of fraud.

In addition, Bafford's argument as to whether MB Reo has Article III standing is equally unpersuasive. Bafford argues there is no longer a live controversy because "he no longer need[s] [MB Reo's] property and that he would dismiss his case before HUD and [MB Reo] can dismiss this case . . . ." (Doc. # 100 at 2). But, MB Reo indicates in its response that it still seeks a remedy for the alleged maligning of its reputation and still seeks a judgment in its favor. Thus, it appears to the Court that a live controversy remains between the parties at this juncture.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

4

Pro se Defendant Frank M. Bafford's Motions to Dismiss (Doc. ## 94, 100) are **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 16th day of September, 2016.

_____

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE