UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MB REO-FL CHURCH-2 LLC,

    Plaintiff,

v.                               Case No. 8:16-cv-276-T-33AEP

TAMPA FOR CHRIST CHURCH, INC.,
et al.,

    Defendants.
_____/

**ORDER**

    This matter comes before the Court upon consideration of pro se Defendant Frank M. Bafford's "Motion to Dismiss for Violation of Due Process" (Doc. # 135). Plaintiff MB Reo-FL Church-2 LLC timely responded in opposition. (Doc. # 145). For the reasons below, the motion is denied.

**Discussion**

    MB Reo instituted this action on February 4, 2016. (Doc. # 1). Defendants Bafford and Tampa for Christ Church, Inc. were served process on February 22, 2016. (Doc. ## 5, 6). The process server personally served Bafford at 9622 Theresa Drive, Thonotosassa, FL 33592. (Doc. # 5). After a prolonged period of time during which the Court afforded Tampa for Christ Church several opportunities to retain counsel, Tampa

for Christ Church was defaulted because it failed to retain counsel. (Doc. ## 17, 29, 36, 39, 43, 66, 74-76, 79, 81, 83, 87, 95, 97, 98, 99). The action continued against Bafford as the sole defendant.

MB Reo then filed its motion for summary judgment on September 16, 2016. (Doc. # 107). In response, Bafford moved to stay the action, attempted to voluntarily dismiss the action pending against him, and twice moved for an extension of time to respond to the motion for summary judgment. (Doc. ## 108, 109, 111, 116). The Court denied Bafford's motion to stay and noted that Bafford could not use Rule 41 to dismiss this action. (Doc. # 115). But the Court did grant Bafford two extensions of time to respond to the motion for summary judgment, which totaled approximately an extra 30 days. (Doc. ## 113, 117).

When Bafford moved for his second extension of time, he did so on the grounds that he was missing documents. (Doc. # 116). Although the Court granted Bafford's request for another extension of time, it specifically pointed out that MB Reo's counsel certified a copy of the motion for summary judgment was served by U.S. Mail to Frank Bafford, P.O. Box 119, Thonotosassa, FL 33592 and Tampa for Christ Church, Inc., c/o Frank M. Bafford Sr., 9622 Theresa Drive, Thonotosassa,

FL 33592. (Doc. # 117). Thereafter, counsel for MB Reo clarified that she served Bafford through four different means, one of which included mailing documents to Bafford at the address at which service of proceed was completed: 9622 Theresa Drive Thonotosassa, FL 33592. (Doc. # 118).

Bafford filed his first interlocutory appeal on October 28, 2016. (Doc. # 119). That appeal was sua sponte dismissed by the Eleventh Circuit on December 22, 2016. (Doc. # 130). The Court, having been reinvested with jurisdiction over the instant case, entered an amended case management and scheduling order. (Doc. # 132). About a month later, Bafford moved for another extension of time to respond to the motion for summary judgment (Doc. # 133), moved to dismiss (Doc. # 135), and took a second interlocutory appeal (Doc. # 136). The Eleventh Circuit sua sponte dismissed Bafford's second interlocutory appeal on April 27, 2017. (Doc. # 141). The Court, having again regained jurisdiction over the instant case, directed MB Reo to respond to Bafford's motion to dismiss by May 12, 2017. (Doc. # 142). MB Reo timely responded. (Doc. # 145).

In his motion to dismiss, Bafford seeks dismissal on the grounds that he "does not have all the documents pertaining to this case." (Doc. # 135 at 1). Bafford further elaborates

3

in his motion that Plaintiff sent documents to the wrong address, his attorney did not provide him documents after the attorney withdrew, and he is unable to view filings on CM/ECF. (Id.). Bafford also argues MB Reo violated Rule 37 by failing to accurately respond to discovery requests. (Id. at 1-2).

> To begin, as counsel for MB Reo clarifies, she
>
> serves Mr. Bafford with every paper and pleading filed in this action in four ways: a) by U.S. Mail to Mr. Bafford's home address, 9622 Theresa Drive Thonotosassa, FL 33592, the address at which he was served with the Summons and Complaint in this matter; b) by U.S. Mail to Mr. Bafford's post office box, P.O. Box 1192, Thonotosassa, FL 33592, what he once claimed to be his preferred method of receiving documents; c) by email to pastorfrankb@yahoo.com, the email address the Mr. Bafford first used to communicate with undersigned counsel; and d) by email to mrfrankmb@yahoo.com, apparently a more recent email through which Mr. Bafford recently began to communicate to undersigned counsel.

(Doc. # 145 at ¶ 3). In addition, even though Bafford does not identify the documents his former counsel putatively failed to turn over, any effect such failure would have had on Bafford's ability to defend against this against is blunted by the fact that Plaintiff sent Bafford "a copy of the docket and all papers and pleadings it has filed" between May of 2016 and October of 2016. (Doc. # 118 at ¶ 5). Bafford's lamentation that he cannot access CM/ECF also rings hollow given that, after the Court directed him to register for

4

CM/ECF (Doc. # 21), he explicitly sought to have the Court "cancel his access to the CM/ECF," which request was granted (Doc. ## 33, 34). Moreover, all public filings are available through PACER and litigants retain a duty to actively monitor the docket, Yeschick v. Mineta, 675 F.3d 622, 629-30 (6th Cir. 2012). Finally, Bafford cannot now seek relief for an issue he admittedly chose not to bring to the Court's attention since the discovery deadline has long ago passed.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Pro se Defendant Frank M. Bafford's "Motion to Dismiss for Violation of Due Process" (Doc. # 135) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 16th day of May, 2017.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE