UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MB REO-FL CHURCH-2, LLC,

    Plaintiff,

v.                                Case No. 8:16-cv-276-T-33AEP

TAMPA FOR CHRIST CHURCH, INC.,
et al.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court sua sponte. While considering the record and relevant materials related to Plaintiff MB Reo-FL Church-2, LLC's motion for summary judgment, a question as to the existence of jurisdiction arose. For the reasons below, the Court directs MB Reo to file a supplement addressing the jurisdictional issues raised herein.

**Discussion**

"Federal courts operate under a continuing obligation to inquire into the existence of subject matter jurisdiction whenever it may be lacking." RES-GA Cobblestone, LLC v. Blake Const. & Dev., LLC, 718 F.3d 1308, 1313 (11th Cir. 2013) (citing Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1468

(11th Cir. 1997)). "That obligation continues through every stage of a case, even if no party raises the issue." Id. (citing Already, LLC v. Nike, Inc., 133 S. Ct. 721, 726 (2013)).

The Complaint asserts three causes of action; namely, quiet title, slander of title, and declaratory judgment. (Doc. # 1). In its jurisdictional allegations, MB Reo alleges "[t]his Court has both diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331, 12 U.S.C. § 1819 and 28 U.S.C. § 2201-2202." (Id. at ¶ 2). Upon closer inspection, however, federal question jurisdiction is absent and diversity jurisdiction is not sufficiently established by the allegations.

With respect to §§ 2201-2202, "it is well established that the Declaratory Judgment Act does not, of itself, confer jurisdiction upon federal courts." Stuart Weitzman, LLC v. Microcomputer Res., Inc., 542 F.3d 859, 861-62 (11th Cir. 2008); see also Goodin v. Fidelity Nat'l Title Ins. Co., 491 Fed. Appx. 139, 143 (11th Cir. 2012) ("The Declaratory Judgment Act, 28 U.S.C. § 2201, does not confer jurisdiction upon a federal court. . . . Thus, a suit brought under the Declaratory Judgment Act must have an independent source of jurisdiction such as diversity jurisdiction. . . .").

For its part, § 1819 addresses the corporate powers of the FDIC. Regarding jurisdiction, in general, "all suits of a civil nature at common law or in equity to which the Corporation, in any capacity, is a party shall be deemed to arise under the laws of the United States." § 1819(b)(2)(A). And while the FDIC is a derivative member of MB Reo via Multibank 2009-1 CRE Venture, LLC (Doc. # 1 at ¶¶ 4-6), the FDIC is not a party, in any capacity, to this action. Thus, federal question jurisdiction does not exist.

MB Reo also asserts diversity jurisdiction under § 1332. (Id. at ¶ 2). Section 1332 requires that the amount in controversy exceeds $75,000 and that complete diversity of citizenship exists. 28 U.S.C. § 1332; Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 412 (11th Cir. 1999). "When a plaintiff files suit in federal court, she must allege facts that, if true, show federal subject matter jurisdiction over her case exists." Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1268 (11th Cir. 2013).

As to the amount-in-controversy requirement, "'[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.'" Occidental Chem. Corp. v. Bullard, 995 F.2d 1046, 1047 (11th Cir. 1993). Here,

the Complaint seeks a declaratory judgment and thus the amount in controversy is the fair market value of the property at issue. Id. (holding amount in controversy to be fair market value of subject property). The Complaint alleges that the subject property was listed with a sale price of $799,000 and Defendant Tampa for Christ Church, Inc.'s lowest offer was $675,000. (Doc. # 1 at ¶¶ 10, 11). Even using the lowest offer from Tampa for Christ Church, the fair market value of the property far exceeds the jurisdictional threshold.

Turning to citizenship, citizenship of a natural person is determined by his or her domicile. McCormick v. Aderholt, 239 F.3d 1254, 1257-58 (11th Cir. 2002). "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity of a natural person." Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). However, the Complaint merely alleges Defendant Frank M. Bafford is "an individual who **resides** in Tampa, Florida." (Doc. # 1 at ¶ 8) (emphasis added). As such, Bafford's citizenship has not been established.

A corporation, like Tampa for Christ Church, is deemed to be a citizen of every state in which it is incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The Complaint alleges Tampa for Christ Church

4

is a Florida corporation with its principal place of business in Florida. (Doc. # 1 at ¶ 7). Accordingly, Tampa for Christ Church is a citizen of Florida.

Unlike a corporation, a limited liability company is deemed a citizen of every state of which its members are citizens. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).

> And it is common for an LLC to be a member of another LLC. Consequently, citizenship of LLCs often ends up looking like a factor tree that exponentially expands every time a member turns out to be another LLC, thereby restarting the process of identifying the members of that LLC. The simplest misstep has the potential to derail years of litigation . . . .

Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1221 (11th Cir. 2017).

MB Reo—the sole plaintiff—is an LLC. (Doc. # 1 at ¶ 4). The only member of MB Reo is Multibank 2009-1 CRE Venture, LLC. (Id. at ¶ 5). Multibank 2009-1 has two members: the FDIC and ColFin DB Funding LLC. (Id. at ¶ 6). The FDIC is a federally charted corporation. 12 U.S.C. § 1811. A federal corporation is "not . . . a citizen of any state for diversity purposes . . . unless the corporation's activities were sufficiently 'localized' in one state." Loyola Fed. Sav. Bank v. Fickling, 58 F.3d 603, 606 (11th Cir. 1995). Because the

FDIC insures "the deposits of **all** banks and savings associations" entitled to coverage, § 1811(a) (emphasis added), its activities are not localized. So, for purposes of tracing the citizenship for MB Reo, the FDIC is not a citizen of one particular state and thus cannot destroy diversity of citizenship. That then leaves ColFin DB. While the Complaint alleges ColFin DB is a Delaware limited liability company with its principal place of business in California, it does not allege the citizenship of ColFin DB's members. (Id. at ¶ 6). Therefore, MB Reo failed to sufficiently demonstrate its citizenship, thereby precluding the Court from ensuring complete diversity exists.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

MB Reo shall file a supplement, which is supported by substantial evidence, Travaglio, 735 F.3d at 1269-70, by **June 14, 2017**, addressing these jurisdictional defects. Failure to comply will result in dismissal for lack of subject matter jurisdiction without further notice.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 9th day of June, 2017.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE