UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MB REO-FL CHURCH-2,LLC,

    Plaintiff,

v.                                 Case No. 8:16-cv-276-T-33AEP

TAMPA FOR CHRIST CHURCH, INC.,
et al.

    Defendants.
_____/

## **ORDER**

This matter comes before the Court pursuant to Defendant Frank M. Bafford's motion, filed on August, 10, 2017, entitled "Motion to Dismiss Determinations Pending Corrections to Docket and Record, and Motion to Consider All Available Information and Evidence. Alternatively, Motion for Extension of Time to Respond to All Pending Matters." (Doc. # 166). The Motion seeks to reopen discovery and allow Bafford to present new evidence to the Court. (Id.). While it is not completely clear as to which order Bafford is objecting to, in light of the fact that the motion was filed within a few days of the Order granting summary judgment, the Court construes it as a motion to reconsider that Order. For the reasons that follow, the Court denies the motion.

## I. Background

Bafford first complained that he did not have certain documents that had been filed in this case, on September 21, 2016, though he did not identify which documents he lacked. (Doc. # 108). Bafford sought numerous stays in an effort to gain more time to respond to the Motion for Summary Judgment, frequently on the basis that Bafford did not have all of the documents that had been filed. (Doc. ## 108, 111, 116, 133, 149). Bafford also previously filed a motion to dismiss on January 23, 2017, alleging that his Due Process rights were violated because he did not receive certain unspecified documents that had been filed in this case. (Doc. # 135). After an interlocutory appeal was dismissed and Defendant MB Reo-FL Church-2, LLC had responded, the Court denied that motion on May 16, 2017. (Doc. # 147).

Importantly, throughout this case, MB Reo served Bafford with the documents it had filed in this case through four different methods: by mail to Bafford's residence, where he was served with the Summons and Complaint; by mail to a post office box Bafford once said was his preferred method of receiving documents; by email to the address Bafford first used to communicate with MB Reo's counsel; and by email to another address Bafford had used to communicate with counsel.

(Doc. ## 118 at ¶ 2, 145 at ¶ 3). MB Reo also sent Bafford a copy of the docket and a second copy of all papers and pleadings it filed in the three months preceding October of 2016 after Bafford began to complain that he was missing documents. (Doc. # 118 at ¶ 4).

## II. Legal Standard

As noted above, the Court construes Bafford's motion as a motion to reconsider the Court's Order granting summary judgment in favor of MB Reo. That Order was entered on July 31, 2017. (Doc. # 165). Bafford filed the instant Motion on August, 10, 2017, within twenty-eight days of the order it seeks reconsideration of. (Doc. # 166).

Federal Rule of Civil Procedure 59(e) governs this motion, as it is a motion for reconsideration based on errors affecting substantial rights of the parties, filed less than twenty-eight days after the order that it seeks to correct, "[A] motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc., 12 F.Supp.2d 1306, 1308 (M.D. Fla. 1998). "[I]n the interests of finality and conservation of scarce judicial resources, reconsideration is

an extraordinary remedy to be employed sparingly." Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order under Federal Rule of Civil Procedure 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Fla. Coll. of Osteopathic Med., Inc., 12 F.Supp.2d at 1308. Further, as explained in Ludwig v. Liberty Mut. Fire Ins. Co., "this Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." No. 8:03-cv-2378-T-17-MAP, 2005 WL 1053691, at *3-4 (M.D. Fla. Mar. 30, 2005). In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Id. at *4. (citation omitted).

### III. Discussion

The motion before the Court is predicated on the same vague arguments and statements that Bafford has previously made. Bafford complains that "he did not receive filings in the mail, due to the wrong address on the mail, and he could

not open emailed filings from his lawyer." (Doc. # 166 at 1). He states that he would have acted differently if he had possessed the unidentified documents earlier, but he does not identify how he would have acted differently or what that would have changed. (Id.). Similarly, he claims he has "newly discovered or previously unavailable information" that he wants to present to the court, but he fails to identify the new information or discuss why such information was not available prior to the Court granting the Motion for Summary Judgment. (Id.). He argues that the Federal Fair Housing Act, 42 U.S.C. 3601 et seq., dictates that the Court must consider "all information and available evidence." (Doc. # 166 at 1-2). But, that Act does not mandate this Court reconsider its prior ruling on summary judgment.

The Court finds Bafford's arguments repetitious of his prior motions to stay the case and extend discovery (Doc. ##108, 111, 116, 133, 149) and the motion to dismiss dated January 23, 2017 (Doc. # 135). He does not claim an intervening change in the controlling law. Despite his claims of new information, Bafford does not present anything new to the Court. He fails to establish any clear, manifest injustice. The Court declines to reconsider its Motion for Summary Judgment.

In the alternative, Bafford seeks an extension of time of twenty days to respond to all pending matters before the Court. (Doc. # 166 at 2). That request is denied in that either the request is untimely or Bafford is not an interested party with a right to respond.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Frank M. Bafford's motion, filed on August, 10, 2017, entitled "Motion to Dismiss Determinations Pending Corrections to Docket and Record, and Motion to Consider All Available Information and Evidence. Alternatively, Motion for Extension of Time to Respond to All Pending Matters" is DENIED.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 1st day of November, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE