UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MB REO-FL CHURCH-2, LLC,

    Plaintiff,

v.                                  Case No. 8:16-cv-276-T-33AEP

TAMPA FOR CHRIST CHURCH, INC.,
and FRANK M. BAFFORD,

    Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff MB Reo-FL Church-2, LLC's Motion for Summary Judgment. (Doc. # 165). Although the Court granted summary judgment in favor of MB Reo on July 31, 2017, (Doc. # 165), Defendant Frank M. Bafford filed an interlocutory appeal before the Court could enter an order as to damages. (Doc. # 170). Accordingly, this order resolves the issue of damages and awards $114,448.00 to MB Reo as follows.

**I.**   **Background**

A full review of the facts of this case is unnecessary, as the Court has already done so in its order granting summary judgment. (Doc. # 165). After granting summary judgment, the Court directed MB Reo to file a

supplement as to its calculation of damages by August 14, 2017. (Id. at 22). Subsequently, MB Reo filed declarations in support of damages and moved for default judgment against Tampa for Christ Church. (Docs. ## 167, 168).

Shortly thereafter, on August 29, 2017, Bafford filed a third interlocutory appeal. (Doc. # 170). The case was once again stayed and administratively closed pending resolution of the appeal. (Doc. # 174). The Eleventh Circuit sua sponte dismissed the appeal for lack of jurisdiction on October 26, 2017. (Doc. # 176). The Court reopened the case, (Doc. # 177), and reactivated MB Reo's motion for default judgment, as well as two motions to dismiss filed by Bafford prior to appeal. (Docs. ## 166, 169). The Court denied Bafford's motions on November 1, 2017. (Docs. ## 178, 179).

After the Court granted MB Reo's motion for default judgment on November 22, 2017, (Doc. # 183), default judgment was entered against Tampa for Christ Church. (Doc. # 184). Bafford filed his fourth appeal, (Doc. # 187), which the Eleventh Circuit dismissed sua sponte for lack of jurisdiction. (Doc. # 191). The Court then directed MB Reo to file supplemental information regarding its calculation of damages, (Doc. # 193), which MB Reo provided on June 14,

2018. (Doc. # 196). Thus, this order resolves the only remaining issue in the case: damages against Bafford.

## II. Damages

Seeking damages against Bafford for its slander of title claim, MB Reo requests a total of $114,661.34. (Doc. # 196 at ¶ 13). MB Reo does not seek monetary damages against Tampa for Christ Church. (Doc. # 107 at 19). MB Reo's requested judgment is comprised of the following: $37,453.26 in carrying costs related to the property; $74,435.25 in attorney's fees; and $2,772.83 in costs. (Doc. # 196 at ¶ 13). The Court addresses each in turn.

### a. Carrying Costs

This action focused on the commercial property located at 9612 N. 26th Street and 9706 N. 26th Street, Tampa, Florida 33612. (Doc. # 165 at 2). The property was listed for sale by MB Reo on October 12, 2015, with an asking price of $799,000. (Id.). It is undisputed Bafford's notices prevented MB Reo from selling its property. (Doc. # 107-1 at ¶ 30). Thus, MB Reo was forced to carry the costs of the property. In support of its alleged carrying costs, MB Reo has submitted its 2016 income statement, which includes costs related to the general operating expenses, repairs, maintenance, management, insurance and general

administration of the property. (Doc. # 196-2). The total amount is $52,124.19. (Id.). These costs are provided through September of 2016, when MB Reo sold the property. (Id.). MB Reo has limited its request to the following carrying costs: property insurance ($17,263.98); property management ($18,967.74); and property taxes ($1,248.54). (Doc. # 196-2 at ¶ 12). Accordingly, the Court awards MB Reo's requested carrying costs in the total amount of $37,453.26.

### b. Attorney's Fees

This Court is afforded broad discretion in addressing attorney's fees. See Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001)("Ultimately, the computation of a fee award is necessarily an exercise of judgment because there is no precise rule or formula for making these determinations." (internal citation omitted)). In Florida, the federal lodestar method is used to calculate attorney's fees. Fla. Patient's Comp Fund v. Rowe, 472 So. 2d 1145, 1146 (Fla. 1985). The Court determines the reasonable fee by taking the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 76 (1983).

The fee applicant bears the burden of establishing entitlement to the hours requested as well as to the hourly rate. Webb v. Bd. of Educ. of Dyer Cty., 471 U.S. 234, 242 (1985). If an attorney fails to carry his or her burden, the Court "is itself an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees." Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988)

MB Reo retained Akerman LLP in this action and requests attorney's fees in the amount of $74,435.25. (Doc. # 196 at ¶¶ 2, 9). Attorney Irene Bassel Frick explains in her supplemental declaration the fees incurred for the work completed are as follows:

| Timekeeper | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Irene Bassel Frick | Partner | 215.6 | $400 | $86,240.00 |
| Carol S. Faber | Partner | 19.2 | $400 | $7,680.00 |
| Devon Galloway | Associate | 22.8 | $220 | $5,016.00 |
| Cynthia LaQuidera | Partner | 2.2 | $400 | $880.00 |
| John Dicks | Associate | 1.6 | $255 | $408.00 |
| Teresa Gancedo | Paralegal | .5 | $210 | $105.00 |
| | | | **TOTAL** | $100,329.00 |

Yet, MB Reo seeks to recover only $74,435.25 in fees. (Id.). This reduced amount reflects fees incurred in the prosecution of MB Reo's claims and excludes fees incurred in its attempts to sell the property while the action was pending. (Id.).

First, the Court must consider the reasonableness of the hourly rate. Bassel Frick explains that she is lead counsel for MB Reo and has over 18 years of civil litigation experience. (Doc. # 167 at ¶ 1). She, as well as the two other partners who worked on the matter, billed an hourly rate of $400.00. Additionally, two associate attorneys billed at hourly rates of $220.00 and $255.00. Finally, one paralegal spent half an hour working on this matter and billed an hourly rate of $210.00.[1]

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1303 (citation omitted). In the Middle District of Florida, "rates ranging up to

---

[1] According to the United States Supreme Court, a reasonable attorney's fee does not include only "work performed personally by members of the bar," but must account for the work of support staff that contribute to the work product of the attorney, including that of paralegals. Mo. v. Jenkins, 491 U.S. 274, 285 (1989).

$400 per hour for senior counsel or partner level work and $175 to $225 for junior attorneys were prevailing" in 2011. Indyne, Inc. v. Abacus Tech. Corp., No. 6:11-cv-137-Orl-22DAB, 2013 WL 11312471 at *55 (M.D. Fla. Dec. 6, 2013). Upon due consideration, the Court determines that the requested hourly rates are reasonable. The rates for the partners, associate Galloway and paralegal Gancedo clearly fall within the reasonable ranges stated in Indyne, Inc. While one associate billed at a slighter higher rate of $255.00 an hour, the Court nonetheless finds the fee reasonable as the rate was billed in 2016 – five years after the stated reasonable billing range in Indyne, Inc.

Next, the Court must determine the reasonableness of the number of hours expended by MB Reo's counsel, while working on this case. "Fee applicants must exercise . . . 'billing judgment,' that means they must exclude from their fee applications 'excessive, redundant, or otherwise unnecessary hours.'" ACLU of Ga. v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999)(quoting Hensley, 461 U.S. at 434). Thus, fee applicants must exclude hours "that would be unreasonable to bill a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*." Norman, 836 F.2d at 1301 (emphasis

7

in original). Exclusions for unnecessary or excessive time expended are left to the discretion of the Court. See Id. at 1301.

In support of the hours spent on the case, Akerman has submitted detailed billing invoices. (Doc. # 196-1). These invoices include descriptions of the hours spent on legal work such as drafting letters to Bafford, responding to the motion to dismiss, preparing for depositions and mediation, and drafting the motion for summary judgment. (Id. at 8, 25, 36, 52). Akerman regularly did not charge MB Reo for time spent on activities such as follow up communication, attending depositions, and telephone conferencing with MB Reo. (Id. at 52-53).

Upon review of the invoices, the Court concludes that Akerman did not bill for unnecessary or redundant work, and the time billed was not excessive. Over the course of a year, counsel spent 261.9 hours on this matter. The action was lengthy and included numerous appeals. While frivolous, each appeal delayed the case and added a layer of procedural complexity. Further, the Court acknowledges Bassel Frick's reduction in total fees requested, as well as Akerman's decision not to charge MB Reo for numerous hours spent. These are prime examples of billing judgment

that attorneys must exercise in applying for fees. Accordingly, the Court finds the requested fees reasonable and awards a total of $74,435.25 in attorney's fees.

**c. Costs**

Finally, MB Reo requests costs in the amount of $2,772.83. (Id. at ¶ 10). The costs allowed by 28 U.S.C. § 1920 include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and costs of making copies necessarily obtained for use in the case; (5) docket fees; and (6) compensation for court appointed experts and interpreters.

Certain costs requested by MB Reo are beyond those enumerated in § 1920. The Court accordingly disallows the following categories of requested costs as outside the scope of § 1920: postage ($4.87); telephone conferencing ($68.07); and Pacer (legal research retrieval) ($8.20). See Gary Brown & Associates v. Ashdon, Inc., 268 F. App'x 837, 846 (11th Cir. 2008) (denying costs for postage and research). Furthermore, while duplicating ($132.20) may fall within the scope of § 1920, MB Reo has not provided the Court with sufficient detail to determine if the copies

were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Because MB Reo does not provide any detail or description of these duplicating fees, the Court declines to grant such costs. See Gary Brown & Associates, 268 F. App'x at 846 (denying costs for unspecified copying because the court could not determine if the documents were necessarily obtained for use in the case).

The remaining costs consist of: court reporting fees ($1,810.20); witness fees ($56.79); service of process fees ($240.00); and filing and recording fees ($452.50). The Court finds that such costs were all necessarily obtained for use in the case and well within the range 28 U.S.C. § 1920. Thus, the Court grants MB Reo costs in total amount of $2,559.49.

### III. Conclusion

The Court therefore grants the following fees and costs: $37,453.26 in carrying costs; $74,435.25 in attorney's fees; and $2,559.49 in costs. When added, the total amount awarded to MB Reo is $114,448.00.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

The Clerk is directed to enter judgment in favor of Plaintiff MB Reo-FL Church-2, LLC against Defendant Frank M. Bafford, in the amount of **$114,448.00.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 15th day of June, 2018.

／s／ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE